IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

DEE L. CHAPMAN-IGOU,

    Plaintiff,

v.                              CIVIL ACTION NO. 3:07-0731

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**<u>MEMORANDUM ORDER</u>**

In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her application for disability insurance benefits on October 4, 2005, alleging disability commencing July 27, 2005, as a consequence of recurrent pneumonitis, angioedema, progressive dypsnea, hypothyroidism, glaucoma, depression, recurrent migraines and asthma. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was fifty-one years of age and had obtained a high school education and completed two years of college. Her past relevant employment experience consisted of work as an investigator for Adult Protective Services. In his decision, the administrative law judge found that plaintiff suffered from chronic obstructive pulmonary disease, an impairment which he considered severe. Though concluding that plaintiff was unable to perform her past work,[1] the administrative law judge determined that she had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. Plaintiff has a history of treatment for hypertension, recurrent lung infections,[3] hypothyroidism, glaucoma in the left eye and facial and neck swelling of undetermined cause. The administrative law judge, relying on opinions expressed by the reviewing state agency medical advisors, determined that plaintiff was capable of performing light level work requiring no more than occasional climbing, balancing, stooping, kneeling, crouching or crawling, no concentrated exposure to temperature extremes, vibration, smoke, fumes, odors, pollutants and irritants and no far visual acuity.

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

[3] Despite the recurrence of these episodes and the admonitions of multiple physicians, plaintiff has continued to smoke.

Plaintiff raises several objections to the administrative law judge's decision, including that her impairments meet or equal a listed impairment, although she does not identify which one. The administrative law judge evaluated the findings relative to her pulmonary problems in light of those in § 3.02 of the Listing of Impairments and concluded her symptoms did not meet or equal the criteria specified. This finding is well-supported by the evidence, and there is no indication that her symptoms considered together would meet or equal any other listing.

Also asserted by plaintiff is that the administrative law judge should have given greater weight to opinions expressed by treating and examining physicians relative to her inability to work. Dr. John Walden reviewed the evidence, examined plaintiff and prepared a report for the Public Employees Retirement System pursuant to plaintiff's claim for disability retirement from her past work. He concluded plaintiff was unable to perform her regular job with Adult Protective Services but that she was "not necessarily truly temporarily and permanently disabled." As the Commissioner notes, such opinion is consistent with the administrative law judge's findings here and does not support plaintiff's argument that she can perform no work whatsoever.

Dr. Mirie Sheets, an allergist/immunologist who evaluated plaintiff on several occasions, reported on November 29, 2005 that plaintiff had "significant respiratory problems" which were still being evaluated. She recommended that plaintiff "be allowed to discontinue work." Insofar as her comment pertains to plaintiff discontinuing her past social work job, it is also consistent with the administrative law judge's findings; however, examination and test results, including pulmonary function testing, do not reveal pulmonary abnormalities significant enough to prevent plaintiff from performing a more restrictive type of work. Dr. Sheets' opinion does not, therefore, support plaintiff's argument.

Finally, Dr. Whitmore, plaintiff's primary care physician, expressed on a number of occasions his belief that she was unable to work. Despite being a treating physician, his opinions are not entitled to controlling weight unless they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record.[4] As the administrative law judge pointed out, Dr. Whitmore's records do not support his opinions. They reflect his treatment of plaintiff for acute conditions but do not contain clinical or objective findings supporting his opinion. In fact, the most recent reports reflect that on October 23, and November 13, 2006 plaintiff was seen for acute problems occurring as a result of moving "a lot" of furniture during the prior few weeks and doing "a lot" of household work. While Dr. Whitmore has referred plaintiff to a number of specialists to try to determine the cause of her facial and neck swelling, there have been no definitive results. The reports do not suggest, however, that this problem prevents her from all types of work activity. In addition to the lack of support for Dr. Whitmore's finding that plaintiff was unable to work, the administrative law judge also noted that resolution of this issue is reserved to the Commissioner.[5]

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions and the assessment of plaintiff's credibility are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the

---

[4] 20 C.F.R. § 404.1527(d)(2); Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

[5] 20 C.F.R. § 404.1527(e).

—
—
—

Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: September 28, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE